IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES OWENS**,                          )
                                          )
       Plaintiff,                     )
                                          )
V.                                        )            Civil No.  **06-380-DRH**
                                          )
**ROD BLAGOJEVICH, et al.,**              )
                                          )
       Defendants.                    )

<u>**ORDER**</u>

**PROUD, Magistrate Judge:**

       Before the Court is plaintiff's amended complaint, which was filed March 12, 2007.
**(Doc. 32).**

       Plaintiff did not seek leave to amend his complaint, presumably thinking that it was being
filed before any of the defendants had filed a responsive pleading.  *See* **Fed.R.Civ.P. 15(a).**  A
review of the record reveals that defendants McDaniel, Hoffman, Neeper, Hinsley, Grubman and
Waller filed their answer on March 12, 2007.  **(Doc. 31).**  In accordance with Federal Rule of
Civil Procedure 15(a), leave of Court is required if an amended complaint is being filed after a
responsive pleading has been filed.  Although the defendants answer appears on the electronic
docket before the amended complaint, plaintiff had to rely on the Clerk of Court to scan his
pleading into the docketing system; therefore, the Court will not assume that the defendants beat
plaintiff to the courthouse.  Furthermore, prisoner's pleadings are generally considered filed at
the time the document is turned over to prison officials for mailing.

       In any event, the amended complaint does not comport with Local Rule 15.1, which
requires that all new material in the amended pleading be underlined.  This is more than a mere

1

technicality, it is essential in a situation such as this, where plaintiff has apparently added back in four defendants who were previously dismissed, added 29 new defendants, included claims previously dismissed with prejudice, and included amended claims that were previously dismissed without prejudice.  Therefore, the amended complaint must be stricken for violation of Local Rule 15.1.

In the event plaintiff desires to again attempt to amend his complaint, he must file a motion with the Court seeking leave to do so.  A copy of the proposed "second amended complaint" must be submitted with the motion.  The motion should clearly explain the proposed amendments, and the proposed  "second amended complaint" must have all new material underlined, as required by Local Rule 15.1.  In order to prevent confusion, and to facilitate comparison with the original complaint, the numbering scheme used in the original complaint should be used; if an entirely new claim is added, it should be numbered in sequence– the next claim being  "Count 8."   In addition, plaintiff should attempt to "double space" his complaint, as his handwriting is relatively small and difficult to read.  Plaintiff must also submit US-285 service forms for any new defendants, or defendants who were previously dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's amended complaint **(Doc. 32)** is **STRICKEN** for failure to comply with Local Rule 15.1.

**IT IS SO ORDERED.**

**DATED:  March 29, 2007**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**