IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, Inmate #K83253, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-380-DRH |
| | ) |
| ROD BLAGOJEVICH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This action comes before the Court on Plaintiff's motion to reconsider the Court's threshold order (Doc. 13). Plaintiff challenges the dismissal of two claims of the complaint and three defendants.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question was entered in this action on January 8, 2007. Plaintiff states that he

submitted the motion for mailing on January 17, 2007, although the Court did not receive it until January 22, 2007.  Giving the Plaintiff the benefit of the doubt regarding mailing time, the Court finds that the instant motion was filed within the 10-day period.  *See* FED.R.CIV.P. 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its rulings dismissing the claims pursuant to 28 U.S.C. § 1915A, and the defendants for failure to state claims against them were correct.  Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 10, 2007.

/s/   David   RHerndon
**DISTRICT JUDGE**