.IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JAMES OWENS, Inmate #K83253, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 06-380-DRH |
| ) | |
| ROD BLAGOJEVICH, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, KEITH ANDERSON, CHRISTOPHER BRADLEY, PAM GRUBMAN, CHARLES HINSLEY, ROBERT HOFFMAN, CHARLES MCDANIEL, RUSSELL NIEPERT, RAYMOND SMITH, and ROGER WALLER, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit their Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

### BACKGROUND

Plaintiff, James Owens, is an inmate at Hill Correctional Center. On May 15, 2006, Plaintiff filed his 42 U.S.C. §1983 complaint regarding events which allegedly occurred while he was incarcerated at Menard Correctional Center in 2004 and 2005. This Honorable Court entered a Memorandum and Order on January 8, 2007 setting forth the relevant federal claims for Defendants' answer. [Court Document #10]. The surviving claims are: 1) Count 3 against Defendants Bradley, Waller, McDaniel, Hinsley, Hoffman, and Grubman for deliberate indifference to Plaintiff's medical needs during a hunger strike; and 2) Count 4 against Defendants Waller, Anderson, Neeper ("Niepert")

1

and Smith for failure to protect Plaintiff from assault by a fellow inmate. The Court dismissed Counts 1, 2, 5, 6, and 7, as well as Defendants Blagojevich, Walker, Meeks, Ahmed.

Plaintiff was incarcerated at Menard Correctional Center for all claims set forth in his complaint. (Complaint, p. 3, Statement of Claim). Plaintiff filed a grievance on August 10, 2004 regarding the time he spent in the Menard Correctional Center Health Care Unit, specifically grieving, 1) denial of access to his legal papers while housed in the Health Care Unit, 2) the refusal of hygiene products while in the Health Care Unit, and, 3) the refusal of a grievance form to file a grievance regarding the Publication Review Office. (Attached as Exhibit A, Miller Affidavit, ¶7a). The Administrative Review Board responded to Plaintiff's August 10, 2004 grievance on February 8, 2005 and recommended "the grievance be found mixed." (Exhibit A, ¶7b ). The Administrative Review Board found that Plaintiff had access to hygiene products and toilet/lavatory facilities, and that it was unclear if the Plaintiff had requested legal or grievance material. (Exhibit A, ¶7b ). The ARB recommended the Menard warden have staff review the procedures concerning property during a hunger strike. (Exhibit A, ¶7b). The ARB does not have any further record of grievances or correspondence filed by Plaintiff in regards to his medical care and treatment during Plaintiff's hunger strikes in April, May, June or July of 2004. (Exhibit A, ¶5).

In his complaint, Plaintiff stated that on January 1, 2005 he requested Defendant Waller move him into protective custody. (Complaint, ¶48). On February 26, 2005, Plaintiff claims Defendants Anderson and Neeper refused to move him from his cell after informing Defendants that he was assaulted by his cellmate. (Complaint, ¶49).

2

On March 31, 2005, Plaintiff claims Defendant Smith refused to remove Plaintiff from his cell after Plaintiff was assaulted by his cellmate. (Complaint, ¶50). Plaintiff filed a grievance on January 14, 2005 regarding a disciplinary ticket issued to Plaintiff for the possession of a stinger in his cell after requesting placement in protective custody. (Exhibit A, ¶7d). Plaintiff did not name any specific individuals in his grievance. (Exhibit A, ¶7d). Plaintiff appealed the Adjustment Committee's finding of guilt and disciplinary recommendations to the Administrative Review Board. (Exhibit A, ¶7e). The Adjustment Committee denied Plaintiff's appeal of his grievance on July 28, 2005. (Exhibit A, ¶7e). Plaintiff requested protective custody status on April 29 2005. (Exhibit A, ¶7f). On June 22, 2005, the Administrative Review Board held a hearing regarding the denial of protective custody placement for Plaintiff. (Exhibit A, ¶7g). The ARB found that Plaintiff had not provided sufficient verifiable information to warrant Plaintiff's placement in protective custody. (Exhibit A, ¶7g). The ARB does not have any further record of grievances or correspondence from Plaintiff regarding his placement as protective custody status, including specific allegations against the Defendants. (Exhibit A, ¶6).

    Defendants assert that Plaintiff has failed to exhaust his administrative remedies regarding deliberate indifference to his medical needs and failure to protect Plaintiff from an assault by a fellow inmate. Additionally, Defendants assert that any of Plaintiff's claims prior to May 15, 2004 in regards to the medical treatment Plaintiff allegedly failed to receive are barred by the statute of limitations.

**STANDARD FOR SUMMARY JUDGEMENT**

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there are any genuine issues of material fact, the court must draw all inferences in the light most favorable to the non-movant. Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 312 (7th Cir.1986). Yet not every conceivable inference must be drawn, only reasonable inferences. Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 312-13 (7th Cir.1986).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the United States Supreme Court held that summary judgement is mandatory if there is no genuine issue as to any material fact for trial if, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 323. The plaintiff must come forward with evidence of a specific factual dispute, evidence that would reasonably permit the finder of fact to find in plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the plaintiff. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994); International Union of Operating Engineers v. Associated General Contractors, 845 F.2d 704, 708 (7th Cir. 1988).

**ARGUMENT**

I.     **PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO BRINGING THIS LAWSUIT.**

Pursuant to the Prison Litigation Reform Act, all prison inmates bringing an action under 42 U.S.C. §1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit.  (42 U.S.C. §1997e(a)).  Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions *under section 1983* by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies are exhausted.  (Emphasis added).

The statute is "too clear" and suits "must be dismissed" if administrative remedies are not followed.  Perez v. Wisconsin Dept. of Corrections, 182 F.3d 533, 534 (7th Cir. 1999).  Prisoners must timely appeal any denials from the grievance officer or Warden to the Administrative Review Board by a prisoner, and the Director of Corrections.  (See 20 Ill. Admin. Code 504.850).  Plaintiff's suit must be dismissed if administrative remedies are not fully exhausted, and the "district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  Perez, 182 F.3d at 535.  That exhaustion of administrative remedies would be futile is no exception or excuse to the exhaustion requirement.  Perez, 182 F.3d at 537.  Subsequently, the United States Supreme Court clarified Perez, and precluded any futility exception, and explicitly held that an inmate seeking only money damages must also exhaust all administrative remedies prior to filing suit.  Booth v. Churner, 121 S. Ct. 1819 (2001).

Inmates incarcerated within the Illinois Department of Corrections may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. (Exhibit A, ¶2). When an inmate disagrees with the resolution of a grievance at the institutional level, the appeal may be heard by the Administrative Review Board ("ARB"). 20 Ill. Adm. Code §504.850(d) (West 2006). If a hearing is held, the ARB submits a written report of its findings to the Director. 20 Ill. Adm. Code §504.850(e) (West 2006). The director has no fewer than six months after the receipt of the appealed grievance to review the findings and recommendations of the ARB and make a final determination. 20 Ill. Adm. Code §504.850(f) (West 2006). After the Director makes a final determination, the offender is sent a copy of the Director's decision. 20 Ill. Adm. Code §504.850(f) (West 2006). If the above-outlined procedure is completed, a grievance is considered to have been exhausted.

    a.    **Deliberate indifference to Plaintiff's medical needs.**

In this case, Plaintiff did not file and subsequently exhaust any grievances regarding deliberate indifference to his medical needs on the part of the Defendants when Plaintiff declared hunger strikes in April, May, June and July of 2004. Plaintiff failed to attach any grievances to his complaint indicating that he grieved the denial of medical treatment for the abovementioned dates. Furthermore, the ARB has no record of any grievances filed by Plaintiff in regards to his medical care and treatment during the same time period. (Exhibit A, ¶5). However, Plaintiff did file a grievance regarding his accommodations in the Health Care Unit during his hunger strike. (Exhibit A, ¶7). Additionally, during that same time period, Plaintiff exhausted grievances on hygiene material review, light bulb warranty, missing property, and denial of an atlas. (Exhibit A,

¶5). Due to Plaintiff's failure to exhaust his administrative remedies the prison, the Illinois Department of Corrections did not have the opportunity to address Plaintiff's concerns regarding his medical care and treatment. Rather, it appears Plaintiff is grieving this issue directly to the Federal Court. Plaintiff has not exhausted his administrative remedies pursuant to the requirements set forth in 42 U.S.C. §1997(e) and his complaint should therefore be dismissed.

      **b.**    **Failure to protect.**

Plaintiff did not exhaust any grievances regarding Defendants' failure to protect Plaintiff from other inmates. The standard for inmate grievances is set forth in the in <u>Strong v. David</u>, 297 F.3d 646, 648 (7th Cir. 2002) which held that inmate grievances must contain the sort of information that the administrative system requires. Thus, in Illinois, an inmate grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810 (2007). Plaintiff failed to include factual details in his grievances for the alleged incidents involving the failure to protect on behalf of Defendants, as well as naming each person involved in Plaintiff's complaint.

Plaintiff filed a grievance on January 14, 2005 based upon a disciplinary report he received after requesting protective custody status, yet Plaintiff failed to allege in his grievance that individual Defendants were responsible for denying him protective custody status. Plaintiff alleges in his complaint that on different occasions he requested Defendants Waller, Anderson, Neeper ("Niepert") and Smith to remove him from his cell and was denied his request. (Complaint, ¶¶ 48-51). Plaintiff alleges that

he exhausted his administrative remedies prior to filing this lawsuit, but failed to attach documents to his complaint that would support his assertion. (Complaint, p. 3). Aside from Plaintiff's January 14, 2005 grievance alleging that he was being harassed by other inmates after requesting placement in protective custody, the ARB has no record of any grievances filed by Plaintiff concerning Defendants failure to permit Plaintiff to move from his cell or be given protective custody status. (Exhibit A, ¶6). Therefore, Plaintiff failed to exhaust his administrative remedies in regards to specific Defendants who allegedly denied Plaintiff protective custody status. (Exhibit A, ¶6). Based on the above, Plaintiff has not exhausted his administrative remedies pursuant to the requirements set forth in 42 U.S.C. §1997(e) and his complaint should therefore be dismissed.

## II. PLAINTIFF'S CLAIMS PRIOR TO MAY 15, 2004 ARE BARRED BY THE STATUTE OF LIMITATIONS.

The statute of limitations for Section 1983 claims is dictated by the "personal injury statute of limitation in the State where the alleged injury occurred." Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993); Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992). In Illinois, the statute of limitation is two years from the date of accrual. 735 ILCS 5/13-202. Federal law, which governs the accrual of a claim, provides that Section 1983 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." Wilson, 956 F.2d at 740.

The portions of Plaintiff's complaint concerning the medical care he alleges he was denied while on a hunger strike states that it arises from events which occurred starting April 29, 2004 and continued intermittently until July 15, 2005. (Complaint,

8

¶¶42, 47).  Plaintiff asserts that he informed Defendants Waller, McDaniel, and Hinsley that he was on a hunger strike beginning April 29, 2004, and was left in his cell for 21 days, during which time, Defendants failed to inform the Health Care Unit that Plaintiff was on a hunger strike and failed to monitor Plaintiff's condition during the 21 days. (Complaint, ¶42).  Plaintiff was aware of the alleged denial of medical care on April 29, 2004 when he informed Defendants of his hunger strike, and was allegedly denied treatment for the next 21 days.  Plaintiff was required to bring suit by April 29, 2006 to satisfy the statute of limitations as Plaintiff was aware his constitutional rights were violated at that time.  Because Plaintiff filed his lawsuit on May 15, 2006, any claims prior to that date are barred by the statute of limitations.

    WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court enter summary judgment in favor of Defendants and against Plaintiff.

    Respectfully submitted,

KEITH ANDERSON, CHRISTOPHER BRADLEY, PAM GRUBMAN, CHARLES HINSLEY, ROBERT HOFFMAN, CHARLES MCDANIEL, RUSSELL NIEPERT, RAYMOND SMITH, and ROGER WALLER,

    Defendants,

LISA MADIGAN, Attorney General, State of Illinois

Ellen C. Bruce, #6288045  
Assistant Attorney General  
500 South Second Street  
Springfield, Illinois  62706  
(217) 782-9026  

Of Counsel.

    Attorney for Defendants,

By:  /s/ Ellen C. Bruce  
ELLEN C. BRUCE  
Assistant Attorney General

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JAMES OWENS, Inmate #K83253, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 06-380-DRH |
| ROD BLAGOJEVICH, et al., | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2007, I electronically filed a Memorandum of Law in Support of Defendants' Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on July 20, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

James Owens, #K83253
Hill Correctional Center
600 South Linwood Road
Post Office Box 1700
Galesburg, Illinois  61402

Respectfully Submitted,
   /s/ Ellen C. Bruce
Ellen C. Bruce
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  ebruce@atg.state.il.us
Attorney Bar #:  6288045