IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES OWENS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **06-380-DRH** |
| | ) | |
| **ROD BLAGOJEVICH, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Before the Court is defendants Charles Hinsley, Pam Grubman, Lt. Roger Waller, Sgt. Charles McDaniel, Robert "Bob" Hoffman, C/O Keith Anderson, C/O Christopher Bradley, C/O Russell Niepert[1] and C/O Raymond Smith's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. **(Docs. 77 and 78).** Plaintiff James Owens has not filed a response to the subject motion. This Report and Recommendation is respectfully submitted to Chief United States District Judge David R. Herndon in accordance with 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff James Owens is currently incarcerated at Hill Correctional Center. Plaintiff brought the above-captioned action pursuant to 42 U.S.C. § 1983 for alleged deliberate indifference to his medical treatment (Count 3), and failure to protect him from assault (Count 4), all while he was housed at Menard Correctional Center. Although plaintiff's complaint alleged seven constitutional violations, only the aforementioned two remain at this juncture.

---

[1]Russell Niepert's name is misspelled in the complaint as "Neeper."

1

(*See* **Docs. 1 and 10**).  The movants are the only remaining defendants.

The defendants argue:

1. Plaintiff has failed to exhaust administrative remedies before filing this lawsuit, as required by 42 U.S.C. § 1997e; and

2. Plaintiff's claims regarding his medical care and treatment prior to May 15, 2004, are barred by the statute of limitations.

**(Docs. 77 and 78).**

## Legal Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).**  In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

## Analysis

Count 3 alleges in pertinent part that while plaintiff Owens was on a hunger strike for a 21-day period in April and May 2004, and during a 28-day period in June and July 2004, defendants Bradley, Waller, McDaniel, Hinsley, Hoffman and Grubman left him in his cell without medical care.  (*See* **Doc. 10, pp. 5-6).**

Count 4 alleges that at several points between January and the end of March, 2005, defendants Waller, Anderson, Neeper and Smith failed to protect plaintiff from assault by his

2

cellmates, Gordon and Auton, and other inmates, despite having been alerted to threats made against plaintiff and assaultive behavior. Plaintiff would have had the defendants place him in protective custody. (*See* **Doc. 10, pp. 8-9**).

**Exhaustion of Administrative Remedies**

The defendants' argument that plaintiff has failed to exhaust administrative remedies relative to both Counts 3 and 4 before filing suit, as required by 42 U.S.C. § 1997e(a), is well taken.

Exhaustion of administrative remedies in accordance with 42 U.S.C. § 1997e(a), while not jurisdictional per se, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. ***Woodford v. Ngo,* 548 U.S. 81, ----, 126 S.Ct. 2378, 2382-2383(2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001)*; Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002);*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999).**

"Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." ***Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000).** "Defendants may waive or forfeit reliance on [42 U.S.C.] § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." ***Perez,* 182 F.3d at 536.**

The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve exhaustion; substantial compliance is insufficient. ***Lewis v. Washington* 300 F.3d 829, 833-834 (7th Cir. 2002).** When prison officials fail to respond to an inmate grievance that remedy is considered exhausted because it has been rendered "unavailable." ***Id.***

3

Similarly, a remedy that prison officials impede a prisoner from using is "unavailable." ***Dale v. Lappin***, 376 F.3d 652, 656 (7th Cir. 2004); ***Dole v. Chandler***, 438 F.3d 804, 811-812 (7th Cir. 2006).

The grievance procedures applicable to the Illinois Department of Corrections are set forth under Title 20 of the Illinois Administrative Code, Section 504.800 *et seq*. A grievance must be initiated within 60 days after the incident is discovered. The grievance must set forth the "who, what, when and where" of the incident at issue. Basically, an inmate first takes his complaint to a correctional counselor; if this does not resolve the problem, he is to file a written grievance on an institutional form, which is then reviewed by a designated grievance officer. The grievance officer reports his or her findings and recommendations "promptly"to the chief administrative officer, i.e., the warden, and the warden advises the inmate of the institutional decision within two months of receipt of the grievance. In an emergency, an inmate may send his grievance directly to the warden. If the warden determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance is to be decided on an expedited basis. The inmate may appeal the warden's disposition of the grievance in writing to the director of the Department of Corrections within 30 days of the warden's decision. The director reviews the grievance and the responses of the grievance officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is meritless or can be resolved without a hearing, the director will issue a final decision; otherwise, the grievance is referred to the Administrative Review Board, which may hold hearings and examine witnesses. The Board submits a written report of its findings and recommendations back to the director, who then

makes a final determination within six months. When an emergency grievance is appealed, the Administrative Review Board is supposed to expedite review. ***See*** **20 Ill.Adm.Code § 504.810-850 (2003). (*See also* Doc. 78-2, pp. 1-2 (affidavit of IDOC Administrative Review Chairperson Jackie D. Miller outlining grievance procedures).**

The affidavit of IDOC Administrative Review Chairperson Jackie D. Miller indicates that a search of ARB records did not reveal any grievances regarding the medical care issues, or the protective custody issues raised in the complaint. **(Doc. 78-2, p. 3).** Miller did locate: (1) a grievance that mentioned plaintiff's hunger strike, but otherwise pertained to personal property not being permitted in the Health Care Unit **(Doc. 78-2, pp. 5-7)**; (2) a grievance that touched on plaintiff's protective custody issues, but which was aimed at obtaining a polygraph to exonerate plaintiff from a disciplinary ticket **(Doc. 78-2, pp. 8-9)**; and (3) an April 29, 2005, protective custody request form and ARB decision affirming the denial of protective custody– neither of which suggested plaintiff was attempting to grieve the defendants' alleged failure to protect plaintiff as alleged in the complaint **(Doc. 78-2, pp. 10-11)**.

A review of the complaint and the documents submitted in support thereof also failed to reveal any documentation evidencing that plaintiff exhausted available administrative remedies. Like ARB Chairperson Miller, the Court did find a few documents that touched upon plaintiff's hunger strike and request for protective custody, but nothing to indicate plaintiff ever exhausted administrative remedies relative to the events at issue in Counts 3 and 4. **(*See* Doc. 1-4, pp. 4-5 and 13-14; and Doc. 1-6, pp. 9-12).**

The complaint contains an allegation that, " the grievance process is circumvented at [Menard]," regular grievance are either lost or ignored, and describing how a March 17, 2003,

5

emergency grievance about threats made by plaintiff's cellmate was never answered. **(Doc. 1-2, pp. 4-6 and 11).** Obviously, the 2003 grievance referred to by plaintiff was long before any of the events at issue in Counts 3 and 4. Plaintiff's assertions that the grievance process is circumvented and that grievances are lost or ignored is meaningless, because he has not indicated that he ever attempted to file grievances regarding the defendants' alleged deliberate indifference to his medical needs during his hunger strike and failure to protect him from harm. Therefore, Counts 3 and 4 are not properly before the Court and should be dismissed without prejudice.

### Count 3 and the Statute of Limitations

Having concluded that Counts 3 and 4 are not properly before the Court, the defendants' argument regarding the statute of limitations argument will only be addressed briefly, in the event the District Court concludes plaintiff has exhausted administrative remedies as required..

The defendants correctly note that a two-year statute of limitations period is applicable to Count 3, the claim regarding deliberate indifference to a serious medical need. *See* **42 U.S.C. § 1983;** *Kelly v. City of Chicago*, **4 F.3d 509, 511 (7th Cir. 1993); and 735 ILCS 5/13-202.** Defendants assert that a Section 1983 claim accrues when the plaintiff knows or should know that a constitutional violation has occurred. *Wilson v. Green*, **956 F.2d 738, 740 (7th Cir. 1992).** Therefore, they argue that the period between April 29 and May 15, 2004, falls beyond the two year period prior to the filing of suit.

Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition, and ends when treatment is provided. *Heard v. Sheahan*, **253 F.3d 316, 318-319 (7th Cir. 2001).** In an Eighth Amendment scenario

6

such as this, the statute of limitations commences anew every day treatment is withheld. *Id.* at **318.** However, the relevant period of time for calculating damages may shift, based on when a hunger strike turns into a serious medical need. *Id.* Therefore, the entire period of the 21-day hunger strike during April and May 2004 may be considered.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that the defendants' motion for summary judgment **(Doc. 77)** be granted, in that plaintiff failed to exhaust administrative remedies relative to Counts 3 and 4 before filing suit. Counts 3 and 4 should be dismissed without prejudice. In that Counts 3 and 4 are the only two claims remaining at this juncture, final judgment should also be entered, closing this case.

In the event the aforementioned recommendation is not adopted, this Court further recommends that the defendants' motion for summary judgment be denied, in that no part of Count 3 is precluded by the statute of limitations. Therefore, Counts 3 and 4 would proceed toward trial.

**DATED: January 28, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 14, 2008.** No extensions will be granted