IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES OWENS,

    Plaintiff,

v.

ROD BLAGOJEVICH, et al.,

    Defendants.                                     Case No. 06-cv-380-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Now before the Court is Plaintiff's Motion for Extension of Time on Motions for Reconsideration and Objection to Summary Judgment (Doc. 102), as well as Plaintiff's Motion for Reconsideration (Doc. 103). As for Plaintiff's Response in Opposition (Doc. 104) to Defendant's Motion for Summary Judgment (Doc. 99), there is no need for an extension of time to file it, as its filing was timely (response was not due until 5/5/2008 and it was filed on 4/21/2008). Plaintiff's Motion for Reconsideration (Doc. 103) regarding the Court's March 31, 2008 Order (Doc. 98), was also not untimely filed. A Motion for Reconsideration, filed pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59**, must be filed within 10 days after entry of the judgment. Counting ten days under **FEDERAL RULE OF CIVIL PROCEDURE 6**, plus three

days' time for service, would put the filing due date on April 17, 2008. The Certificate of Service on Plaintiff's Motion for Reconsideration shows it was mailed on April 14, 2008 (*see* Doc. 104, p. 12).[1] Accordingly, the Court **FINDS AS MOOT** Plaintiff's Motion for Extension of Time (Doc. 102), as both his Motion for Reconsideration (Doc. 103) and his Response (Doc. 104) were timely filed, as is. Therefore, the Court will now address the merits of Plaintiff's Motion for Reconsideration (Doc. 103).

Plaintiff requests that the Court reconsider certain parts of its March 31, 2008 Order (Doc. 98), which adopted in part and vacated in part the Report and Recommendation regarding Defendants' Motion for Summary Judgment. In sum, the Court granted summary judgment in favor of Defendants regarding Count 3 of Plaintiff's § 1983 Complaint, based on his failure to exhaust his administrative remedies.[2] However, the Court denied summary judgment on Count 4, finding that a material question of fact remained of whether prison officials essentially made Plaintiff's administrative remedies "unavailable." Plaintiff only seeks reconsideration regarding the Court's ruling on Count 3 of his Complaint. Count 3 of Plaintiff's

---

[1] The Proof of Service is actually attached to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 104), but lists both the Response and his Motion for Reconsideration (Doc. 103), as being mailed on April 14, 2008. Under the mailbox rule, a *pro se* prisoner's petition for a writ of habeas corpus is considered filed on the date he gave it to prison officials for mailing, not on the date it was received in the district court. Further, Plaintiff does not specify whether he moves for reconsideration pursuant to Rule 59 or Rule 60. A Rule 60 motion must be filed within a year of the Order, so either way, Plaintiff's Motion is timely.

[2] This Order was issued before the Seventh Circuit opinion of ***Pavey v. Conley*, 528 F.3d 494(7th Cir. 2008) (requiring the district court to conduct a hearing to determine whether it has proper jurisdiction over a prisoner's claims by resolving the exhaustion issue *before* ruling on the merits)**, so no exhaustion hearing was required.

Complaint alleged that Defendants were deliberately indifferent to his serious medical needs by letting him go on two hunger strikes, totaling 49 days, without checking on his physical condition or administering proper medical care.

**Rule 59(e)**

Plaintiff's Motion to Reconsider may be made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**.[3] *See* **FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment")**. A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986))**. To support a motion for reconsideration based on newly discovered evidence, the moving party must show it did not know and reasonably could not have discovered with reasonable diligence the evidence proffered in the motion for reconsideration until after judgment was rendered. ***Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264,1269 (7th Cir. 1996)**. Therefore, a motion made pursuant to Rule 59(e) cannot be used as "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." ***Moro v. Shell Oil Co.*,**

---

[3] Because Plaintiff is proceeding *pro se*, the Court will be more lenient in its review of his filings, analyzing the Motion as either one made pursuant to Rule 59(e) or Rule 60(b), to determine relief under either legal standard.

**91 F.3d 872, 875 (7th Cir. 1996)**.

Determining whether to grant a Rule 59(e) motion is at a district court's discretion. ***See Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000) (stating "[A] motion to reconsider a ruling is constrained only by the doctrine of the law of the case. And that doctrine is highly flexible, especially when a judge is being asked to reconsider his own ruling.") (citations omitted)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to reconsider a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996))**. Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A.* (*In re BNT Terminals, Inc.*), 125 B.R. 963, 977 (N.D. Ill.1990) (citing *F.D.I.C. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) (other citations omitted))**. As one court plainly put it: "A Rule 59(e) motion is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." ***Id.***

**Rule 60(b)**

Essentially, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." ***Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)**.

**Rule 60(b)** provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

"[T]he determination of what amounts to 'excusable neglect' under Rule 60(b) is 'at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" ***Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir.1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.***

***Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (emphasis in original)**. The relevant circumstances for courts to consider regarding excusable neglect include: (1) the reasons for the delay, including whether it was within the reasonable control of the movant; (2) the danger of prejudice to the defendant; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the movant acted in good faith. *Id*.

In this case, the Court granted summary judgment as to Count 3 of Plaintiff's Complaint because none of the grievances filed by Plaintiff during the time period in question complained of deliberate indifference of lack of medical care regarding Plaintiff's hunger strikes (the first was April - May 2004; the second was June - July 2004). The Court found that one grievance, initially dated August 8, 2004,[4] actually did make reference to Defendants' alleged wrongful behavior, but this grievance was never attached with the others to Plaintiff's Complaint. It was only attached as an exhibit to his Response in Opposition (Doc. 97) to Defendant's Motion for Summary Judgment. Moreover, Defendants stated they did not have record of this August 8, 2004 grievance. Plaintiff explained this was because it was never responded to by either his grievance counselor, the grievance officer or the Administrative Review Board ("ARB").

Plaintiff alleged that he forwarded the August 8, 2004 grievance to the

---

[4] The August 8, 2004 grievance stated that Plaintiff "was left in [his] cell for a total of 49 days while on [his] hunger strike and no one did anything about it even when they knew" (*see* Doc. 97-3, p. 5).

ARB on June 22, 2005 as a last resort, after receiving no response from either his grievance counselor or grievance officer. To substantiate his assertion that he did, in fact, mail his grievance to the ARB, he attached a payment voucher requesting postage for "legal" mailing, dated June 22, 2005. However, the Court took issue with the fact that the voucher did not specify the document for which postage was sought (presumably, the grievance), nor did it have the requisite authorized signature approving the funds. Essentially, the Court could consider it as nothing more than a self-serving piece of evidence Plaintiff may have simply filled out on his own to fit his story. Lastly, the Court noted that Plaintiff's assertions in his Response regarding Defendants' failures to respond to his grievances were not supported by affidavit or other sworn testimony.

In his Motion for Reconsideration, regarding the payment voucher, Plaintiff submits a copy of his Inmate Transaction Statement, which he believes clearly shows that his request for postage regarding his August 8, 2004 grievance was paid. In short, Plaintiff claims the Transaction Statement substantiates his assertion that he did, in fact, forward his August 8, 2004 grievance to the ARB on June 22, 2005, but never received a response. Plaintiff also states that he filed a Verified Complaint, in which he signed a declaration, swearing under penalty of perjury that his Complaint was true and correct. Basically, he thought this sufficient and that he did not need to further file any affidavits or other sworn testimony to support the assertions in his Response to Defendants' Motion for Summary Judgment. Lastly, Plaintiff explains that he failed to attach a copy of his August 8, 2004 grievance to his

Complaint because he has "over 200 grievances and mistakenly forgot to place the grievance with the others" (Doc. 103, p. 2).

Viewing the Inmate Transactional Statement attached to Plaintiff's Motion, the Court finds that the dates and postage amounts match up with those listed on the payment voucher Plaintiff originally submitted with the August 8, 2004 grievance, to substantiate that he did attempt to mail his grievance to the ARB sometime in June 2005. However, the Court must determine whether this is enough to permit reconsideration under either the requirements of Rule 59(e) or Rule 60(b). Rule 59(e) only permits reconsideration when the Court commits a manifest error of law or fact or when the moving party presents newly discovered evidence. Here, the Court does not believe its ruling was a manifest error of law, nor was it one of fact – the Court simply ruled based upon what evidence was presented before it at the time. The Inmate Transactional Statement was not yet before the Court and therefore, it was not a mistake of law or fact to fail to consider it. The Inmate Transactional Statement also cannot be construed as "newly discovered evidence," as it appears Plaintiff had this evidence at his disposal the entire time. He does not offer any explanation as to why it was not submitted along with his Opposing Response. In other words, Plaintiff does not state that this evidence was only recently discovered, through due diligence, after the Court made its ruling. Therefore, the Court does not find reconsideration possible under the Rule 59(e) standard.

Applying the legal standard of Rule 60(b), the Court finds that the only

grounds which may apply in this case is whether Plaintiff's failure to submit his Inmate Transactional Statement along with the payment voucher can be considered "excusable neglect." To reiterate, relief under Rule 60(b) is rarely given, as it is deemed an "extraordinary remedy." The Court, in its discretion, does not find any special circumstances here to warrant Rule 60(b) relief. In short, the Court does not find "excusable neglect." Although Plaintiff is acting *pro se*, his Inmate Transactional Statement was evidence he could have and *should* have submitted with his Response, Granting relief at this juncture would only serve to further delay judicial proceedings.

As for Plaintiff's remaining arguments, the fact that he filed a Verified Complaint does little to support grounds for reconsideration. The allegations in his Complaint do not specifically discuss the August 8, 2004 grievance, the related payment voucher or the fact that the ARB never responded to that particular grievance. Additionally, the fact that Plaintiff forgot to attach the grievance to his Complaint, along with the other many grievances, may pass for "excusable neglect," but is irrelevant as it was just the Court's observation and not the basis for its grant of summary judgment as to Count 3. In conclusion, Plaintiff's Motion for Reconsideration (Doc. 103) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2008.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**