# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES OWENS,**

**Plaintiff,**

**v.**

**CHARLES HINSLEY, et al.,**

**Defendants.**                                             No. 06-cv-380-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court are Plaintiff's Motion for Extension of Time to File a Notice of Appeal (Doc. 122) and Plaintiff's Motion for Acceptance of Non-Conforming Motions (Doc. 123).[1]  Plaintiff filed each Motion on September 8, 2009.

### I. Plaintiff's Motion for Extension of Time to File Notice of Appeal

Judgment in this case was entered on August 5, 2009.  Thus, Plaintiff's Plaintiff's deadline to file a Notice of Appeal was September 4, 2009.  **FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(1)(A)** requires that the notice of appeal in a civil case be filed with the clerk of the district court within thirty (30) days after entry of judgment or order being challenged.  As stated above, Plaintiffs failed to file a notice of appeal within the 30-day window after the Court's entry of judgment on August 5,

---

[1] Plaintiff is currently incarcerated by the Illinois Department of Corrections.

2009.  However, **FEDERAL RULES OF APPELLATE PROCEDURE 4(a)(5)** permits, upon motion, the district court to extend time to file a notice of appeal *if* the party moves for the extension of time no later than thirty (30) days *after* the original 30-day appeal period expires, *and* the party shows excusable neglect or good cause.

In this case, Plaintiff filed the instant motion four days after the original 30-day appeal period expired.  Thus, Plaintiffs' motion is timely.  Yet, Plaintiff must still show that his reason for missing the deadline for filing their notice of appeal was due to either excusable neglect or good cause.

A court is given broad deference in determining circumstances constituting "excusable neglect," which can include instances of attorney negligence.  ***Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 357 and 361 (7th Cir. 1997) (discussing the effect of whether attorney negligence could be considered excusable neglect after the decision in *Pioneer Inv. Serv. Co. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)).**  If tardiness in filing is caused by excusable neglect, the Court must then determine whether granting the extension of time will work considerable prejudice on the non-moving parties and also whether it is in the best interests of judicial efficiency.  ***See U.S. v. Brown*, 133 F.3d 993, 996-97 (7th Cir. 1998)**.

In the case at bar, Plaintiff avers in his sworn motion that the reasons he failed to timely file his Notice of Appeal was (a) he did not receive a copy of the Clerk's judgment until August 9, 2009; (b) lack of sufficient and timely access to the prison's

law library; (c) lack of sufficient and up-to-date legal resources in the prison's law library; and (d) interference from his cell mate, who Plaintiff characterizes as "high aggression." The Court finds that Plaintiff's reasons for missing the 30 day deadline constitute reasonable exigent circumstances that excuse the fact that he missed the filing deadline. Thus, the Court will allow Plaintiff an additional thirty days from the date of this Order to file his Notice of Appeal in this case.

## II.  Motion for Acceptance of Non-Conforming Motions

The specific request in the Motion for Acceptance of Non-Conforming Motions is that the Court accept Motions written in pencil. Plaintiff asserts in his sworn Motion that he has insufficient funds to buy an ink pen and that the law library will only supply him with pencils. Local Rule 5.1(b) provides that "[a]ll pleadings, motions, documents, and other papers presented for filing shall . . . shall be plainly typewritten, printed or prepared by a clearly legible duplication process . . ." **SDIL-LR 5.1(b)**. Thus, there is no prohibition on Plaintiff using pencils to produce his motion so long as the motion is printed and legible. This Court's ruling does not, of course, apply to any paper, pleading or motion Plaintiff might file in the United States Court of Appeals for the 7th Circuit.

## III.  Conclusion

For all the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File a Notice of Appeal (Doc. 122) **and** Plaintiff's Motion for Acceptance of Non-Conforming Motions (Doc. 123). Plaintiff is **ALLOWED** up to and

including October 9, 2009 to file his Notice of Appeal for this case.

**IT IS SO ORDERED.**

Signed this 9th day of September, 2009.

/s/     DavidRHerndon

**Chief Judge
United States District Court**